IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD J. SILVERBERG       :
                            :     CIVIL ACTION
        v.                  :
                            :     NO. 19-2691
CITY OF PHILADELPHIA, ET AL.:

# O R D E R

**AND NOW**, this   14th   day of   November  , 2019, upon consideration of Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 33), Defendants' Response in Opposition thereto (ECF No. 34), and Plaintiff's Reply to Defendants' Response (ECF No. 35), it is **ORDERED** that the Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

                                                        **BY THE COURT:**

                                                        **R. BARCLAY SURRICK, J.**

---

[1] This matter pertains to the City of Philadelphia's efforts to collect unpaid taxes from Plaintiff. Plaintiff filed similar motions for injunctive relief in August 2019. (*See* ECF Nos. 3, 5, and 11). We denied the motions, holding that the Anti-Injunction Act, 28 U.S.C. § 2283, and *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37, 41 (1971), precluded the injunctive relief sought by Plaintiff. (*See* ECF No. 15). Defendants assert that the law of the case doctrine requires denial of the present motion. Plaintiff responds that his Renewed Motion and the September 3, 2019 Amended Complaint (ECF No. 19) "significantly re-cast," add, and otherwise change his claims, such that the law of case doctrine does not apply. We do not address this dispute based upon the law of the case because, as explained below, Plaintiff fails to meet his burden of establishing a right to immediate injunctive relief, irrespective of what the Court decided earlier.

     "The Court employs the same standard of review for both Temporary Restraining Orders and Preliminary Injunctions." *Leedsworld, Inc. v. Smith*, No. 18-625, 2018 WL 4047123, at *1 n.1 (W.D. Pa. June 4, 2018) (citing Fed. R. Civ. P. 65). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *AT&T v. Winback & Conserve*

*Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). "To obtain a preliminary injunction, the movants must: 'demonstrate (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief.'" *Pennsylvania v. President United States*, 930 F.3d 543, 565 (3d Cir. 2019) (quoting *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)). "'If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.'" *Id*. (quoting *Ayers*, 710 F.3d at 105).

"To establish a likelihood of success, 'a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'" *Id*. (quoting *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015)); *see also Victory v. Berks Cnty.*, 355 F. Supp. 3d 239, 248 (E.D. Pa. 2019) ("'To establish a likelihood of success on the merits, a movant must produce sufficient evidence to satisfy the essential elements of the underlying cause of action.'") (quoting *Middletown Bor. v. Middletown Water Joint Venture LLC*, No. 18-861, 2018 WL 3473972, at *5 (M.D. Pa. July 19, 2018)).

"'In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Checker Cab of Philadelphia Inc. v. Uber Techs., Inc.*, 643 F. App'x 229, 232 (3d Cir. 2016) (quoting *Campbell Soup Co. v. ConAgra*, 977 F.2d 86, 91 (3d Cir. 1992)). "Additionally, '[t]he requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *Id*. (quoting *Campbell Soup*, 977 F.2d at 91-92).

In his motion papers, Plaintiff relies almost exclusively on the allegations in the Amended Complaint to show a likelihood of success on the merits of his claims. Indeed, the motion reads like an opposition to a motion to dismiss under Rule 12(b)(6). (*See*, *e.g.*, Pl. Br. at 40, ECF No. 33 ("The Amended Complaint Alleges Facts Sufficient to Establish Defendants' Individual Liability."); *id*. at 25 ("In the instant case, plaintiff has alleged violations of the First and Fourteenth Amendments….")). But that is not the relevant standard here. "'[T]he standard for obtaining injunctive relief is considerably higher than the standard for surviving dismissal.'" *QVC, Inc. v. Resultly, LLC*, 159 F. Supp. 3d 576, 594 n.6 (E.D. Pa. 2016) (quoting *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 778 (D.N.J. 2013)). "Under Rule 12(b)(6), a plaintiff need only state a plausible claim for relief. To obtain a preliminary injunction, however, a plaintiff must go further and establish a likelihood of succeeding on its claim." *Id*.

Accordingly, even assuming Plaintiff has stated a plausible claim for relief in his Amended Complaint—an issue that the Court does not decide here—that would not satisfy the "likelihood of success" prong of the preliminary injunction standard. *See White v. Clark*, No. 12-0986, 2012 WL 5877160, at *13 n.8 (N.D.N.Y. Nov. 20, 2012) ("To the extent that he relies on his complaint, [P]laintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief."). In addition, we have reviewed Plaintiff's affidavit and other exhibits attached to the motion (*see* ECF Nos. 33-1 – 33-4), but these documents consist largely of public court filings and other records that do not bear significantly on any of the "essential elements" of Plaintiff's underlying claims. *See Victory*, 355 F. Supp. 3d at 248.

Plaintiff's weak evidentiary showing also precludes a finding of irreparable harm. *See Brandywine Prod. Grp. Int'l v. Universal Dist. Ctr. LLC*, No. 16-02248, 2016 WL 5402744, at *1 (D.N.J. Sept. 27, 2016) ("For the 'extraordinary remedy' of an injunction, Plaintiff … must

---

provide a 'clear showing' that irreparable harm is likely absent such relief. A mere 'possibility' of harm will not suffice. [Plaintiff] fails to meet this standard because [Plaintiff] offers no evidence that irreparable harm is likely.") (internal citations omitted) (quoting *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 217 (3d Cir. 2014)).  Furthermore, Plaintiff's allegations of irreparable harm are unconvincing.  As to his claim that the City of Philadelphia "intentionally and wrongfully transformed an approximately $40,000 wage claim and [is] now seeking approximately $350,000" (*see* Pl. Br. at 50, ECF No. 33), "economic injury, compensable in money, cannot satisfy the irreparable injury requirement." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988).  Plaintiff also asserts that Defendants are seeking forfeiture of real property held by ELS Realco LLC ("ELS"), of which Plaintiff is a member, but ELS is not a party to this lawsuit.  Finally, Plaintiff appears to argue that his First Amendment rights have been infringed because he does not have sufficient access to the Courts with respect to the tax dispute.  This allegation, however, is belied by Plaintiff's filings both in this matter and in the underlying tax case in state court.  (*See*, *e.g.*, ECF No. 33-2).

      For these reasons, Plaintiff's motion must be denied.